UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| AMALIA RAMIREZ CASTELANO, ARTURO GARCIA, SOFIA ELIZABETH LOPEZ, MIRIAM SUJEE GONZALEZ, JUAN LUIS FLORES, ROCIO FLORES, J.S. a minor by and through his next friend Sonia Raquel Cantu-Sanchez, DAVID HERNANDEZ, and JUAN ARANDA, on their own behalf, and on behalf of all others similarly situated, <br><br> PLAINTIFFS-PETITIONERS, <br><br> v. <br><br> CONDOLEEZZA RICE, Secretary of State, PATRICK F. KENNEDY, Under Secretary for Management MAURA HARTY, Assistant Secretary of State for Consular Affairs, ANN BARRETT, Managing Director, Passport Services Directorate, and UNITED STATES OF AMERICA, <br><br> DEFENDANTS-RESPONDENTS | Case No. CA M-08057 <br><br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND PETITION FOR RELIEF** |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND PETITION FOR RELIEF**

COME NOW Defendants, Condoleezza Rice, Secretary of State, Patrick F. Kennedy, Under Secretary for Management, Maura Harty, Assistant Secretary of State for Consular Affairs, Ann Barrett, Managing Director, Passport Services Directorate, and the United States of America (hereinafter collectively referred to as "Defendants") by and through the undersigned counsel, and submit this Answer to Plaintiffs' Amalia Ramirez Castelano, Arturo Garcia, Sofia Elizabeth Lopez, Miriam Sujee Gonzalez, Juan Luis Flores, Rocio Flores, J.S. a minor by and through his next friend Sonia Raquel Cantu-Sanchez, David Hernandez, and Juan Aranda, on their own behalf, and on behalf of all others similarly situated (hereinafter collectively referred to as "Plaintiffs") Second Amended Complaint and Petition for Declaratory Injunctive, and Mandamus Relief (hereinafter referred to as "Second Amended Complaint").

1.      This paragraph sets Plaintiffs' portrayal of the action, including their legal conclusions, to which no responsive pleading is required.  To the extent that a response is deemed necessary, Defendants deny that the case is appropriate for class action treatment under Rule 23.

Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs, and deny the allegations in Paragraph 1.

2.      Defendants admit that Plaintiffs submitted fee-paid passport applications to the Department of State. Defendants admit that plaintiff Arturo Garcia has established by the preponderance of the evidence that he is a U.S. citizen. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

3.      Defendants admit that applying for a passport may be routine for many U.S. citizens, and may result in passport issuance within a matter of weeks.  Defendants deny that Plaintiffs have been treated differently from other similarly-situated applicants.  Defendants deny the remainder of the allegations contained in this paragraph, and deny that the case is appropriate for class action treatment under Rule 23.

4.      Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants are without information or knowledge sufficient to determine if each Plaintiff is of Mexican descent, and therefore deny the allegations in the first sentence. Defendants admit Plaintiffs Sofia Lopez, Juan Luis Flores, David Hernandez, Juan Michael Aranda, Amelia Ramirez Castelano, Miriam Sujee Gonzalez, and J.S. a minor submitted documents stating that their births were attended by midwives or other non-physicians in Texas. Defendants admit Plaintiff Rocio Flores submitted documents stating that her purported father's birth was attended by a midwife in Texas.   Defendants admit that Plaintiff Arturo Garcia submitted documents stating that he was born in Texas and further admit that he has been issued a U.S. passport.  With regard to the remaining individual Plaintiffs and/or their parents, Defendants are without sufficient knowledge or information to determine if they or their parents were born in the United States. Defendants deny the remainder of the allegations in the second sentence.  Defendants admit Plaintiffs Sofia Lopez, Juan Luis Flores, Rocio Flores, David Hernandez, Juan Michael Aranda, Amelia Ramirez Castelano, Arturo Garcia, Miriam Sujee Gonzalez, J.S. a minor, were asked to submit additional documents in support of their passport applications and that Defendants sent letters stating that their passport applications were deemed "filed without further action." Defendants deny the remainder of the allegations in the third sentence.  Defendants admit that the Department did not issue passports to Plaintiffs Sofia Lopez, Juan Luis Flores, David Hernandez, Juan Michael Aranda, Amelia Ramirez Castelano, Miriam Sujee Gonzalez,  and J.S. a minor Ms. Castelano pursuant to 22 C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503.   Defendants deny the remaining allegations contained in this paragraph.

5.      This paragraph sets forth conclusions of law to which no response is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by

Plaintiffs. To the extent that a reply might be required, Defendants deny the allegations in this paragraph.

6.      Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs, and deny the allegations contained in this paragraph.

7.      Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants admit that some Plaintiffs have been asked to produce additional documentation beyond their birth certificates to establish their birth in the United States or United States citizenship.  Defendants deny the remainder of allegations contained in this paragraph.

8.      Defendants admit that the passport applications of Plaintiffs Sofia Lopez, Juan Luis Flores, Rocio Flores, David Hernandez, Juan Michael Aranda, Amelia Ramirez Castelano, Arturo Garcia, Miriam Sujee Gonzalez, and J.S., a minor, were deemed "filed without further action." Defendants further admit that Plaintiff Arturo Garcia has been issued a U.S. passport. Defendants object to the characterization of their actions and to every legal conclusion, and deny the remainder of the allegations in this paragraph.

9.      Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs, and deny the allegations contained in this paragraph.

10.     Defendants admit that after June 1, 2009, a passport book or passport card will generally be required for U.S. citizens to enter the United States from Mexico. Defendants deny the remainder of allegations in this paragraph

11.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants admit that a number of midwives working in Southwestern border states were convicted of fraudulently registering births in the region and that this fact is relevant to the Department's review and adjudication of certain passport cases.  Defendants deny the remainder of the allegations in this paragraph.

12.     This paragraph sets forth conclusions of law to which no response is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  To the extent that a reply might be required, Defendants deny the allegations in this paragraph.

    I.  Jurisdiction and Venue

13.     This paragraph sets forth conclusions of law to which no response is required.

14.     This paragraph sets forth conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

II.  The Parties

15.     Defendants admit only that Amalia Ramirez Castelano applied for a U.S. passport in May 2007, and that they sent a letter to Ms. Castelano dated December 17, 2007, stating that her application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

16.     Defendants admit only that Arturo Garcia applied for a U.S. passport in 2006, and that they sent a letter to Mr. Garcia dated February 6, 2007, stating that his application was being filed without further action. Defendants further assert that they issued a U.S. Passport to Mr. Garcia. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

17.     Defendants admit only that Sofia Elizabeth Lopez applied for a U.S. passport in 2007, and that they sent a letter to Ms. Lopez dated February 21, 2008, stating that her application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

18.      Defendants admit only that Miriam Sujee Gonzalez applied for a U.S. passport in 2007, and that they sent a letter to Ms. Gonzalez dated February 19, 2008, stating that her application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

19.     Defendants admit only that Juan Luis Flores applied for a U.S. passport in 2007, and that they sent a letter to Mr. Flores dated March 26, 2008, stating that his application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

20.     Defendants admit only that Rocio Flores applied for a U.S. passport in November 2007, and that they sent a letter to Ms. Flores dated March 26, 2008 stating that her application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

21.     Defendants admit only that J.S. applied for a U.S. passport through Sonia Raquel Cantu-Sanchez on January 3, 2008, and that they sent a letter to J.S. dated April 24, 2008, stating that his application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

22.     Defendants admit only that David Hernandez applied for a U.S. passport in 2007, and that they sent a letter to Mr. Hernandez dated April 8, 2008 stating that his application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

23.     Defendants admit only that Juan Aranda applied for a U.S. passport on May 23, 2007 and again on November 18, 2007, and that they sent a letter to Mr. Aranda dated February 1, 2008, stating that his application was being filed without further action.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

24.     Defendants admit the allegations contained in this paragraph.

25.     Defendants admit the allegations contained in this paragraph.

26.     Defendants deny that Maura Harty is the Assistant Secretary of State for Consular Affairs but admit that Janice Jacobs is the current Assistant Secretary of State for Consular Affairs. Subject to that substitution, Defendants admit the remaining allegations contained in this paragraph.

27.     Defendants deny that Ann Barrett is the Managing Director of the Passport Services Directorate, within the Bureau of Consular Affairs but admit that Florence Fultz is the current Managing Director of the Passport Services Directorate, within the Bureau of Consular Affairs. Subject to that substitution, Defendants admit the remaining allegations contained in this paragraph.

28.     Defendants admit the allegations contained in this paragraph.

29.     Defendants admit the allegations contained in this paragraph.

III. The Facts

A.      Defendants object to the characterizations set forth in this clause.   Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this clause, and therefore deny them.

30.      Defendants admit that there are large numbers of persons who apply for passports annually, and that among these applicants there are those who are applying for the first time. Defendants are without knowledge or information sufficient to confirm or deny whether all plaintiffs are  U.S. citizens and therefore deny the remainder of the allegations contained in the first sentence.   Defendants admit that currently it is possible for a U.S. citizen to enter the United States across a land border using a birth certificate and a government-issued photo identification document such as a driver's license, but a passport book is generally required to enter the United States by air. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in the second and third and fourth sentences and therefore deny them. Defendants admit that as a result of the Western Hemisphere Travel Initiative (WHTI), which was an outgrowth of the Intelligence Reform and Terrorism Prevention Act of 2004, starting June 1, 2009, U.S. citizens will generally be required to present a U.S. passport book or card when entering the United States across a land or sea border.  Defendants deny the remainder of the allegations contained in the paragraph.

31.      Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

32.      Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

33.      Defendants admit the allegations contained in the first and second sentences. Defendants admit that the approximate processing time for routine passport applications on September 4, 2008 was three weeks, but deny that this has always been the approximate processing time for routine passport applications, as average processing time varies depending on a number of factors.

34.      Defendants respectfully refer the Court to the language of the regulation at 22 CFR § 51.40- 51.42.

35.      Defendants respectfully refer the Court to the language of the regulation at 22 CFR 51.43.

36.      Defendants respectfully refer the Court to the language of the regulation at 22 CFR 51.45.  Defendants admit that the regulations at Part 51 do not set forth the standard of proof for acquisition of citizenship.  Defendants deny the remainder of the allegations in this paragraph

and/or the remainder of this paragraph sets forth conclusions of law to which no response is required.

   B.  Defendants deny the allegations contained in this clause.

37.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23, and deny the allegations in this paragraph.

38.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

39.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

40.    Defendants respectfully refer the Court to the referenced web pages for their contents. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

41.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the allegations in this paragraph.

42.    Defendants admit that there were a number of midwives in the border areas of Texas that engaged in fraud by registering births as having taken place in the United States when the births did not actually occur in the United States and that a number of these midwives were convicted. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph.

43.    Defendants admit the allegations contained in the first sentence with the exception that Defendants lack knowledge or information sufficient to specifically admit that INS developed a list of suspicious midwives.  Defendants respectfully refer the Court to the exhibit referenced in the second and third sentences for its contents. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

44.    Defendants lack knowledge or information sufficient to admit or deny any of the allegations contained in this paragraph, and therefore deny them.

45.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment

under Rule 23.  Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

46.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

C.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this clause.

47.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the allegations contained in this paragraph.

48.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the allegations contained in this paragraph.

49.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants admit Plaintiffs have submitted, in certain circumstances, similar types of documents as other applicants whose passports have been issued. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

50.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants admit that the Department requested additional evidence of citizenship from the named plaintiffs to support their applications for a passport.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

51.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations in the first sentence.  Defendants admit that in some cases letters requesting additional information contained the language "we have determined that further information is needed to support your claim of birth in the U.S." or "[t]he evidence you submitted . . . does not sufficiently support your date and place of birth in the United States."   Defendants deny the remaining allegations in the paragraph.

52.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants admit that named plaintiffs were sent letters either requesting particular documents or requesting a combination of original documents created around the time of applicant's birth, with a non-exclusive list of examples of possible such documents.  Defendants admit that letters sent to named plaintiffs did not identify affidavits as one of these

examples.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

53.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

54.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

55.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

56.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

57.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants admit that in some instances, the Department requests additional citizenship information and/or documentation of passport applicants whose citizenship has previously been recognized and relied upon in other proceedings through which the applicant's family member(s) secured immigration benefits or a certificate of citizenship. Defendants deny the remainder of the allegations contained in this paragraph.

58.    Defendants admit the allegations contained in this paragraph.

59.    Defendants lack knowledge or information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

60.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

61.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in the first sentence. Defendants deny that the Department operates a "Passport Office" in Brownsville Texas and therefore lacks information or knowledge sufficient to admit or deny the remainder of the allegations in the second sentence.  Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence, and therefore deny them.  Defendants admit the allegations in the fourth sentence. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations in this paragraph.

62.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants admit that the general standard of proof for passport issuance is

preponderance of the evidence.  Defendants deny the remainder of the allegations contained in this paragraph.

63.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

   D.   Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this clause.

64.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the allegations contained in this paragraph.

65.     Defendants deny that the case is appropriate for class action treatment under Rule 23. Defendants assert that all passport applicants receive a meaningful individualized decision on the merits of their application. Defendants deny the remainder of the allegations contained in this paragraph.

66.     Defendants deny that the case is appropriate for class action treatment under Rule 23. Defendants respectfully refer the Court to the letters provided in Plaintiffs' exhibits for their contents.  Defendants admit that similar letters were sent to each of the individual plaintiffs. As for the content of letters that may have been sent to putative class members, defendants lack knowledge or information sufficient to admit or deny, and therefore deny the reminder of the allegations contained in this paragraph.

67.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants respectfully refer the Court to the referenced regulations for their content.  Defendants admit that the practice of treating certain applications as abandoned began before the referenced regulation went into effect.  Defendants deny the remainder of the allegations contained in this paragraph.

68.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. Defendants respectfully refer the Court to the referenced Federal Register notices for their content.  Defendants deny the remainder of the allegations contained in this paragraph.

69.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants respectfully refer the Court to the referenced Federal Register notices and regulations for their content.  Defendants deny the remainder of the allegations contained in this paragraph.

70.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

71.     Defendants deny the allegations contained in this paragraph.

72.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

73.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny the allegations contained in this paragraph.

74.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the allegations contained in this paragraph.

75.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the allegations contained in this paragraph.

76.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants admit that passport applications were in some instances closed without further action even when applicants responded to information request letters with supplemental documentation.  Defendants deny the remainder of the allegations contained in this paragraph.

77.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants respectfully refer the Court to the referenced regulation for its contents.  Defendants admit that some Plaintiffs were sent "filed without further action" letters dated less than 90 days after the Department's request for supplementary information.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

78.     Defendants admit that in some instances, the Department files without further action applications filed by passport applicants whose citizenship has previously been recognized in a formal proceeding before a federal agency or through which the applicant's family member(s) secured immigration benefits or a certificate of citizenship.  Defendants deny the remainder of the allegations contained in this paragraph.

79.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.   This paragraph sets forth conclusions of law to which no response is required.

80.     Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants lack knowledge and information sufficient to admit or deny the allegations in this paragraph, and therefore deny them.

81.    Defendants admit the allegations in the first sentence of this paragraph. The second sentence sets forth conclusions of law to which no response is required.

82.    Defendants admit that the Department has sent letters advising applicants that their passport applications have been "filed without further action" that did not advise individuals that they could seek a de novo adjudication of their citizenship in Court. Defendants admit that the Department has sent letters noting that applicants may apply again in the future, and admit that in some instances an applicant's original documents are not returned. Defendants admit that the Department has sent letters noting that application fees paid will not be refunded. Defendants lack knowledge and information sufficient to admit or deny the remainder of the allegations in this paragraph, and therefore deny them.

83.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. Defendants deny the allegations contained in this paragraph.

84.    This paragraph sets Plaintiffs' portrayal of the action, including their legal conclusions, to which no responsive pleading is required. Defendants also object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. This paragraph sets forth conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

85.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. Defendants deny that the case is appropriate for class action treatment under Rule 23. Defendants deny the allegations contained in this paragraph.

    E.    Defendants lack knowledge and information sufficient to admit or deny the allegations in this clause, and therefore deny them.

86.    Defendants deny the allegations contained in this paragraph.

**1.    AMALIA CASTELANO**

87.    Defendants admit that Amalia Castelano has submitted a birth certificate stating that she was born in Weslaco, Texas in 1968. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

88.    Defendants admit that the documents provided by Amalia Castelano to state that Manuela Bazan registered Ms. Castelano's birth in 1968. Defendants admit Manuela Bazan's name does not appear on Exhibit A. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

89.    Defendants admit that Ms. Castelano has presented a baptismal certificate stating that she was baptized in Weslaco, Texas, on February 9, 1969. Defendants lack knowledge or

information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

90.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

91.     Defendants admit that Ms. Castelano presented a purported Mexican birth certificate stating that it was registered April 12, 1972, indicating that she was born in Reynosa, Mexico in 1968, and purported Mexican school-related documents.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

92.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

93.     Defendants admit that Ms. Castelano has presented a marriage certificate stating that she married Gilberto Castelano in Hidalgo County, Texas, on January 31, 1990.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

94.     Defendants admit the allegations in this paragraph.

95.     Defendants admit the allegations in this paragraph.

96.     Defendants respectfully refer the Court to Exhibit G for its contents.  Defendants admit that a package was delivered to the National Passport Center on October 4, 2007, which included a baptismal certificate, a border crossing card dated 1966 and a border crossing card dated 1977, Mexican school records, a marriage certificate, and a declaration.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph.

97.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

98.     Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

99.     Defendants lack knowledge or information sufficient to admit or deny  the allegations contained in this paragraph, and therefore deny them.

100.    Defendants deny the allegations contained in the first sentence of this paragraph. Defendants admit that they received additional documents regarding Ms. Castelano's application on October 4, 2007. Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

101.    Defendants admit they sent Ms. Castelano a letter dated December 17, 2007, and respectfully refer the Court to the text of that letter for its contents. Defendants deny the remainder of the allegations in that paragraph.

102.    Defendants admit they sent Ms. Castelano a letter dated March 7, 2008, and respectfully refer the Court to the text of that letter for its contents for its contents.

103.    Defendants respectfully refer the Court directly to the text of the December 17, 2007 letter for its contents. Defendants admit that it did not issue a passport to Ms. Castelano pursuant to 22 C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503.  Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

## 2.   ARTURO GARCIA

104.    Defendants assert only that Arturo Garcia has submitted documentation establishing by a preponderance of the evidence his U.S. citizenship and has issued him a passport on this basis. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

105.    Defendants admit that Arturo Garcia presented a copy of a delayed birth certificate stating that his birth was registered in Travis County, Texas in 1969 and listing supporting documents.  Defendants assert that Mr. Garcia has submitted documentation establishing his U.S. citizenship by a preponderance of the evidence and has issued him a passport on this basis. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

106.    Defendants respectfully refer the Court directly to the text of the referenced documents in Exhibit "H" for its contents.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph, and therefore deny them.

107.    Defendants respectfully refer the Court directly to the text of the referenced documents in Exhibit "H" for its contents.   Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph, and therefore deny them.

108.    Defendants deny the allegations in the first sentence and assert that a US Passport has been issued to Arturo Garcia. Defendants admit that Mr. Garcia was requested to produce additional supporting documentation and refer to the text of the Department's October 31, 2006 letter at Exhibit "H" for the content of the Department's assertions and requests.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the remainder of the paragraph, and therefore deny them.

109.    Defendants admit that they sent correspondence to Mr. Garcia on February 6, 2007 stating that his passport application was being filed without further action.  Defendants are

without knowledge or information sufficient to admit or deny the allegations contained in the remainder of the paragraph, and therefore deny them.

110.     Defendants respectfully refer the Court directly to the text of the February  6, 2007 letter for its contents. Defendants admit that at that time it did not issue a passport to Mr. Garcia pursuant to 22 C.F.R. § 51.65(b) and assert that such action at that time would have been subject to judicial review under 8 U.S.C. § 1503.  Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

111.     Defendants assert that they issued Mr. Garcia a passport on September 8, 2008 and that it was delivered on September 9, 2008. Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in the paragraph, and therefore deny them.

   3.   **SOFIA ELIZABETH LOPEZ**

112.     Defendants admit that Sofia Elizabeth Lopez has submitted a birth certificate executed by Enriqueta Gonzalez stating that Ms. Lopez was born in Brownsville, Texas in 1989.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph, and therefore deny them.

113.     Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "A" for its contents.  Defendants deny the remainder of the allegations contained in this paragraph.

114.     Defendants admit that Sofia Lopez produced an affidavit of a Bertha Lopez.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the remainder of the paragraph, and therefore deny them.

115.     Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "B" for it contents.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

116.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

117.     Defendants admit the allegations in this paragraph.

118.     Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "B." for its contents. Defendants further admit that they requested plaintiff to produce a certified copy of her long form birth certificate.   Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

119.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "B" for its contents. Defendants further admit that they sent plaintiff a letter on December 5, 2007 requesting that she produce additional documentation.

120.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "B" for its contents  Defendants further admit that they received additional documents regarding Ms. Lopez' application. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the remainder of the paragraph, and therefore deny them.

121.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "B" for its contents.  Defendants admit they sent plaintiff a letter on February 21, 2008 containing the cited language. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the remainder of the paragraph, and therefore deny them.

122.    Defendants respectfully refer the Court directly to the text of the December 21, 2008 letter for its contents. Defendants admit that it did not issue a passport to Ms. Lopez pursuant to 22 C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503.  Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

  4.    **MIRIAM SUJEE GONZALEZ**

123.    Defendants admit that Miriam Sujee Gonzalez has submitted documents stating that she was born in Brownsville, Texas in 1976, including a birth certificate executed by Enriqueta Cavazos.  Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "A" for its contents.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph, and therefore deny them.

124.    Defendants admit that Ms. Gonzales has presented copies of U.S. school records. Defendants otherwise are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

125.    Defendants admit the allegations in this paragraph.

126.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "I" for its contents.  Defendants further admit that they sent plaintiff a letter on November 6, 2007 requesting that she produce additional documentation.

127.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "I" for its contents. Defendants admit that a FedEx shipment was delivered to the Houston passport agency on February 2, 2008.   Defendants are without knowledge or

information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

128.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "I" for its contents.  Defendants admit that they sent a letter to Ms. Gonzalez Lopez on February 19, 2008 stating that her application was being filed without further action.

129.    Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

130.    Defendants deny that Plaintiff failed to receive a meaningful individualized adjudication of her claim.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

131.    Defendants respectfully refer the Court directly to the text of the February 19, 2008 letter for its contents. Defendants admit that it did not issue a passport to Ms. Gonzalez pursuant to 22 C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503. Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

## 5.    JUAN LUIS FLORES

132.    Defendants admit that Juan Luis Flores has submitted documents stating that he was born in Rio Hondo, Texas in 1954, including a birth certificate executed by Justina Rios.  Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "A" for its contents.  Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph, and therefore deny them.

133.    Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

134.    Defendants admit that Mr. Flores has presented copies of tax returns listing children as dependants. Defendants are otherwise without knowledge or information sufficient to admit or deny the allegations contained in the first sentence, and therefore deny them. The second sentence sets forth conclusions of law to which no response is required.  Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in the paragraph, and therefore deny them.

135.    Defendants admit the allegations in this paragraph.

136.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "C" for its contents

137.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "C" for its contents.  Defendants are otherwise without knowledge or sufficient

information to admit or deny the allegations contained in this paragraph, and therefore deny them.

138.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "C" for its contents.  Defendants are otherwise without knowledge or sufficient information to admit or deny the allegations contained in this paragraph, and therefore deny them.

139.    Defendants respectfully refer the Court directly to the text of the referenced document in Exhibit "C."  Defendants admit that they sent a letter to Mr. Flores on March 26, 2008 stating that his application was being filed without further action.  Defendants deny the remainder of the allegations in this paragraph.

140.    Defendants respectfully refer the Court directly to the text of the March 26, 2008 letter for its contents. Defendants admit that it did not issue a passport to Mr. Flores pursuant to 22 C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503. Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

## 6.   ROCIO FLORES

141.    Defendants admit that Rocio Flores has presented documents stating that she was born in 1978 in Matamoros, Mexico and stating that her father is Juan Luis Flores.  Defendants lack knowledge or information sufficient to admit or deny the  allegations contained in this paragraph, and therefore deny them.

142.    This paragraph sets forth conclusions of law to which no response is required. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph.

143.    Defendants admit that Rocio Flores claims to have acquired citizenship through Juan Flores.  Defendants admit that Sandra Flores was issued a Certificate of Citizenship by the Immigration and Naturalization Service on March 22, 2001.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph.

144.    Defendants admit that Rocio Flores, Sandra Flores, and Juan Luis Flores applied for U.S. passports in November 2007.  Defendants admit that the passport application for Sandra Flores was approved and that she was issued a U.S. passport.

145.    Defendants respectfully refer the Court directly to the text of the January 10, 2008 letter for the contents of that letter.

146.    Defendants object to Plaintiffs' characterization of his actions, and therefore deny the allegations in the first sentence. Defendants respectfully refer the Court directly to the text of the February 8, 2008 letter for the contents of that letter.  Defendants admit they received the referenced letter, including an affidavit from Juan Flores. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

147.    Defendants respectfully refer the Court directly to the text of the March 3, 2008 letter for the contents of that letter. Defendants admit they received the referenced letter.

148.    Defendants object to the Plaintiffs' characterization of their actions, and respectfully refer the Court directly to the text of the March 26, 2008 letter for the contents of that letter. Defendants lack knowledge or information sufficient to admit or deny whether Mr. Flores is Ms. Flores' father.

149.    Defendants respectfully refer the Court directly to the text of the March 26, 2008 letter for its contents. Defendants admit that it did not issue a passport to Ms. Flores pursuant to 22 C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503. Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

## 7.    J.S. (minor)

150.    Defendants admit that J.S. (a minor) has submitted documents stating that he was born in San Juan, Texas in 1994 and that the birth was registered with the Hidalgo County registrar 13 days after he was born.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

151.    Defendants admit that according to the documents provided by J.S., his birth was attended by Midwife Rita V. Colunga, and that Ms. Colunga's name appears on Exhibit "A." Defendants respectfully refer the Court to Exhibit A for its contents.

152.    Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph, and therefore deny them.

153.    Defendants admit that J.S. applied for a passport on or about January 3, 2008 and included a long form birth certificate. Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in the paragraph, and therefore deny them.

154.    Defendants respectfully refer the Court directly to the text of the January 14, 2008 letter for the contents of that letter, and admit the Department sent a letter to J.S. on January 14, 2008.

155.    Defendants admit that plaintiff J.S. submitted certain additional documents in support of his passport application, including the Maternity Center birth certificate, the Mexican baptismal certificate, school records.  Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in the paragraph, and therefore deny them.

156.    Defendants admit that plaintiff J.S. submitted certain additional documents in support of his passport application, including his mother's passport.  Defendants admit that he subsequently submitted additional documentation, received on April 5, 2008, including an affidavit from J.S.'s mother.  Defendants respectfully refer the court to the text of that affidavit for its contents.  Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in the paragraph, and therefore deny them.

157.    Defendants respectfully refer the Court directly to the text of the February 21, 2008 letter for the contents of that letter, and admit the Department sent a letter to J.S. on February 21, 2008.

158.    Defendants admit that plaintiff submitted certain additional documents in support of his passport application, including immunization records and an affidavit from J.S.'s mother.  Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in the paragraph, and therefore deny them.

159.    Defendants respectfully refer the Court directly to the text of the April 24, 2008 letter for the contents of that letter, and admit the Department sent a letter to J.S. on April 24, 2008 stating that his application was filed without further action.

160.    Defendants respectfully refer the Court directly to the text of the April 24, 2008 letter for its contents. Defendants admit that it did not issue a passport to J.S. pursuant to 22. C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503. Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

## 8.   DAVID HERNANDEZ

161.    Defendants admit that David Hernandez has submitted documents stating that he was born in San Benito, Texas in 1964.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

162.    Defendants are without knowledge or information sufficient to admit or deny the allegations contained in the paragraph, and therefore deny them.

163.    Defendants admit that according to the documents provided by Mr. Hernandez, his birth was attended by Midwife Albina Pedraza, and that Ms. Pedraza's name appears on Exhibit "A." Defendants respectfully refer the Court to Exhibit A for its contents.  Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

164.    Defendants respectfully refer the Court to Exhibit E for its contents. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

165.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

166.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

167.    Defendants admit that Mr. Hernandez has presented a copy of military discharge papers. Defendants respectfully refer the Court to Exhibit E for its contents.  Defendants otherwise lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

168.    Defendants admit that Mr. Hernandez applied for a passport in 2007.

169.    Defendants respectfully refer the Court directly to the text of the August 31, 2007 and October 22, 2007 letters for the contents of those letters, and admit the Department sent letters to Mr. Hernandez on August 31, 2007 and October 22, 2007.

170.    Defendants admit that Mr. Hernandez submitted certain additional documents in support of his passport application, including a baptismal certificate, immunization records, school records, a letter of no record from Matamoros, Mexico, and other records.  Defendants are without knowledge or information sufficient to admit or deny the remainder of the allegations contained in the paragraph, and therefore deny them.

171.    Defendants respectfully refer the Court directly to the text of the April 8, 2008 letter for the contents of that letter, and admit the Department sent a letter to Mr. Hernandez on April 8, 2008 stating his application was filed without further action and enclosing various documents he had previously submitted.

172.    Defendants respectfully refer the Court directly to the text of the April 8, 2008 letter for its contents. Defendants admit that it did not issue a passport to Mr. Hernandez pursuant to 22. C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503. Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

## 9.  JUAN ARANDA

173.    Defendants admit that Juan Aranda has submitted a birth certificate stating that he was born in Weslaco, Texas in 1970 and that a midwife named Manuela Bazan filed the birth record two days later but defendants lack information or knowledge sufficient to admit or deny the allegations in this sentence.  Defendants admit that Ms. Bazan's name does not appear on Exhibit

A but deny the allegations in the second sentence.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in the last two sentences in this paragraph, and therefore deny them.

174.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

175.    Defendants admit the allegations in the first and second sentence. Defendants respectfully refer the Court directly to the text of the September 7, 2007 letter for the contents of that letter, and admit the Department sent a letter to Mr. Aranda on September 7, 2007 requesting he provide additional documentation in support of his application.

176.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

177.    Defendants admit that Mr. Hernandez submitted a second application for a passport on November 13, 2007.  Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

178.    Defendants respectfully refer the Court directly to the text of the December 18, 2007 letter for the contents of that letter, and admit the Department sent a letter to Mr. Aranda on December 18, 2007 requesting him to provide additional documentation supporting his application.

179.    Defendants respectfully refer the Court directly to the text of the referenced documents in Exhibit F for their contents.  Defendants admit that Mr. Aranda provided the Department a completed Supplemental Worksheet, a copy of his baptismal certificate, school records and a letter. Defendants lack knowledge or information sufficient to admit or deny the remainder of the allegations contained in this paragraph, and therefore deny them.

180.    Defendants respectfully refer the Court directly to the text of the February 1, 2008 letter for the contents of that letter, and admit the Department sent a letter to Mr. Aranda on February 1, 2008 stating that his application was being filed without further action.

181.    Defendants respectfully refer the Court directly to the text of the referenced letter for its contents. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph, and therefore deny them.

182.    Defendants respectfully refer the Court directly to the text of the February 28 letter for the contents of that letter.

183.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

184.    Defendants lack knowledge or information sufficient to admit or deny the allegations contained in this paragraph, and therefore deny them.

185.    Defendants respectfully refer the Court directly to the text of the February 1, 2008 letter for its contents. Defendants admit that it did not issue a passport to Mr. Aranda pursuant to 22. C.F.R. § 51.65(b) and assert that such action is subject to judicial review under 8 U.S.C. § 1503. Defendants object to Plaintiffs' characterization of their actions and deny the remainder of the allegations contained in this paragraph.

## IV.  Class Allegations

186.    Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  Defendants deny the allegations contained in this paragraph.

187.    Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  This paragraph contains legal arguments and conclusions to which no reply is required.

188.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

189.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

190.    This paragraph contains legal arguments and conclusions to which no reply is required Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

191.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

192.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

## V.  Declaratory and Injunctive Relief Allegations

193.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth

by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

194.     This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.  To the extent a response is required, defendants deny the allegations set forth in this paragraph.

195.     This paragraph contains legal arguments and conclusions to which no reply is required.

## VI.   CAUSES OF ACTION

### A.  CLASS-WIDE DECLARATORY JUDGMENTS AND CORRESPONDING INJUNCTIVE RELIEF (Violation of Due Process under the U.S. Const. Amend. V)

196.     In response to this paragraph, Defendants incorporate all preceding paragraphs in this answer as though set forth in full herein and further responds as follows:

197.     This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

198.     This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

### B.  CLASS-WIDE DECLARATORY JUDGMENTS AND CORRESPONDING INJUNCTIVE RELIEF (Violation Of Administrative Procedure Act)

199.     In response to this paragraph, Defendants incorporate all preceding paragraphs in this answer as though set forth in full herein and further responds as follows:

200.     Defendants deny the allegations in this paragraph.  Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs. Defendants deny that the case is appropriate for class action treatment under Rule 23.

201.     This paragraph contains legal arguments and conclusions to which no reply is required Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

### C.    CLASS-WIDE DECLARATORY JUDGMENTS AND CORRESPONDING INJUNCTIVE RELIEF (Violation of Administrative Procedure Act)

202.    In response to this paragraph, Defendants incorporate all preceding paragraphs in this answer as though set forth in full herein and further responds as follows:

203.    This paragraph contains legal arguments and conclusions to which no reply is required.

204.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.

205.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.

### D.    WRIT OF MANDAMUS

206.    In response to this paragraph, Defendants incorporate all preceding paragraphs in this answer as though set forth in full herein and further responds as follows:

207.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

208.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

209.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to the characterizations of their actions and to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

210.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

211.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.  Defendants deny that the case is appropriate for class action treatment under Rule 23.

## E.  DECLARATORY JUDGMENT INDIVIDUAL ACTIONS

212.    In response to this paragraph, Defendants incorporate all preceding paragraphs in this answer as though set forth in full herein and further responds as follows:

213.    This paragraph contains legal arguments and conclusions to which no reply is required. Defendants object to every legal conclusion set forth by Plaintiffs.

*   *   *   *   *

Defendants specifically deny every allegation in the complaint that is not specifically admitted herein.

## VII. PRAYER FOR RELIEF

The remainder of the complaint constitutes Plaintiffs' request for relief to which no responsive pleading is necessary.  To the extent that a responsive pleading is required, Defendants deny the prayer for relief.  Defendants deny that Plaintiffs are entitled to the relief sought in the complaint or to any relief whatsoever.

*   *   *   *   *

In addition, Defendants assert the following affirmative defenses:

FIRST AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The Complaint, and each cause of action alleged therein, should be dismissed on the grounds of mootness.

THIRD AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Plaintiffs' Cause of Action alleged under the Administrative Procedure Act.

FOURTH AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over Plaintiffs' Class claims because such causes of action are not ripe for adjudication.

FIFTH AFFIRMATIVE DEFENSE

Relief should be denied plaintiffs as an exercise of judicial discretion to withhold relief.

SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred under the applicable Statute of Limitations.

SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to exhaust their administrative remedies, their respective claims for relief are barred.

EIGHTH AFFIRMATIVE DEFENSE

The certification of the class requested by Plaintiffs in their Second Amended Complaint is inappropriate as Plaintiffs are unable to establish each element necessary for a class to be certified under Federal Rules of Civil Procedure 23(b).

NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by fraud, illegality, collusion, conspiracy and/or lack of clean hands. In some cases, plaintiffs and/or other applicants may have known or had reason to know that they were submitting fraudulent or false documents with their passport applications.  As plaintiffs concede in paragraphs 11 and 42 of their Complaint, a significant number of midwives in southern Texas have engaged in fraud over the years by filing birth certificates purportedly certifying births as taking place in southern Texas when in fact the births occurred outside the United States. Some of these midwives were convicted of these or related crimes while certain others were or are under investigation and/or remain under suspicion for engaging in such conduct.  In addition, in some cases Plaintiffs and/or other applicants submitted and/or the defendants independently identified documents that have raised legitimate questions as to the authenticity and validity of claims that the particular applicant and/or their parent was born in the United States. For example, some applicants' births were registered both in the United States and in another country.  As a result of these and other fraud indicators, the State Department, consistent with the law and regulations, and without regard to race, national origin or surname, has required applicants whose birth certificates raised reasonable suspicions to produce additional documentation of birth in the United States.  When, in those instances, plaintiffs have produced insufficient evidence to meet their burden of proof, the Department has not issued a passport.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs are unable to establish (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the Plaintiffs if preliminary relief is not granted, (3) a balance of hardships favoring the Plaintiffs, and (4) advancement of the public interest (in certain cases) necessary to substantiate entitlement to injunctive relief.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiffs are not entitled to an award of attorneys fees under the Equal Access to Justice Act.

WHEREFORE Defendants ask that this action be dismissed with prejudice, that judgment be entered for Defendants, that the request of an award of costs and expenses of the suit be denied to Plaintiffs, and that the Court grant such other and further relief to Defendants as it deems proper.

*     *     *     *     *

Dated:  October 15, 2008

DONALD J. DEGABRIELLE JR          GREGORY G. KATSAS
United States Attorney                     Assistant Attorney General

                                                    S/ Elizabeth J. Stevens
LISA LUIS                                     ELIZABETH J. STEVENS (VA Bar No. 47445)*
United States Attorney's Office          Assistant Director
Southern District of Texas               District Court Section
PO Box 61129                              Office of Immigration Litigation
Houston, TX 77208                        Civil Division
713-567-9534                              U.S. Department of Justice
Fax: 713-718-3303                         P.O. Box 868, Ben Franklin Station
Email: lisa.luis@usdoj.gov              Washington, D.C. 20044
                                                    Tel:  (202) 616-9752
                                                    Fax: (202) 305-7000
                                                    E-mail: Elizabeth.Stevens@USDOJ.gov

*Counsel for Federal Defendants*
* application for *pro hac vice* admission pending

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following attorneys of record:

|  |  |
|---|---|
| Elisabeth Lisa S. BRODYAGA | Lisa GRAYBILL |
| Attorney at Law | ACLU FOUNDATION OF TEXAS |
| 17891 Landrum Park Road | P.O. Box 12905 |
| San Benito, Texas 78586 | Austin, TX 78711 |
| Email: lisabrodyaga@aol.com | Email: Lgraybill@aclutx.org |

In addition, I certify that on October 15, 2008, I provided true and correct copies of the foregoing document via e-mail on the following non-ECF filers, who are not yet attorneys of record but are listed as new counsel on plaintiffs' latest filing:

|  |  |
|---|---|
| Robin L. GOLDFADEN | Vanita GUPTA |
| ACLU FOUNDATION | ACLU FOUNDATION |
| Immigrant Rights Project | Racial Justice Program |
| 39 Drumm Street | 125 Broad Street |
| San Francisco CA 94111 | New York, NY 10004 |
| Email: rgoldfaden@aclu.org | Email: vgupta@aclu.org |

Adam K. LEVIN
Email: AKLevin@HHLAW.com
Melissa N. HENKE
Email: MNHenke@HHLAW.com
David J. WEINER
Email: DJWeiner@HHLAW.com
Robert B. WOLINSKY
Email: RBWolinsky@HHLAW.com
HOGAN & HARTSON LLP
555 13th Street, NW
Washington, D.C. 20004

/s/ Elizabeth J. Stevens
Assistant Director
United States Department of Justice